UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL C. STOVALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00144-JPH-MG ) |
| VANIHEL et al., | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Daniel Stovall is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil action under 42 U.S.C. § 1983 on April 19, 2024. Dkt. 1. After being directed to file an amended complaint, Mr. Stovall filed a motion to amend his complaint and attached his proposed amended complaint. Dkt. 32. Mr. Stovall's motion to amend his complaint, dkt. [32], is **granted and the clerk is directed to** docket the proposed amended complaint, dkts. [32] and [32-1], as the amended complaint.

Because Mr. Stovall is a "prisoner," this Court must screen the amended complaint before service on Defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Court accepts Mr. Stovall's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[W]e must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)).

Mr. Stovall's amended complaint names two Defendants: Warden Vanihel and Dr. Byrd. He alleges that, on January 28, 2024, his tooth became infected and abscessed. Dkt. 32 ¶ 1. He immediately requested medical care and Dr. Byrd examined his tooth several times afterwards. *Id.* ¶¶ 2–4. Mr. Stovall alleges that Dr. Byrd "kept giving [him] the run around and excuses . . . ignoring the seriousness of the infected tooth." *Id.* ¶ 4. As a result, Mr. Stovall alleges that he "had to result to self-mutilation of his infected abscess tooth."

*Id.* ¶ 5. Before the extraction he was in pain for 79 days, during which he lost 18 pounds because he was unable to eat. *Id.* ¶ 6.

Mr. Stovall seeks monetary damages and all other relief the Court deems just and proper. *Id.* at 3.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the Court **dismisses** any claims against Warden Vanihel for the same reasons stated in the initial Screening Order. *See* dkt. 29. Mr. Stovall alleges claims under 42 U.S.C. § 1983. However, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Specifically, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Mr. Stovall has not alleged that Warden Vanihel had any involvement in his medical care or any knowledge of his complaints. Furthermore, the exhibits attached to his complaint do not demonstrate that Warden Vanihel had any direct knowledge or involvement in

Mr. Stovall's care. Therefore, any claims against Warden Vanihel must be **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Stovall's claims against Dr. Byrd **will proceed** as Eighth Amendment deliberate indifference claims.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. The **clerk is directed** to terminate Warden Vanihel, Bobbie Riggs, and Wabash Valley Correctional Facility as defendants on the docket.

### IV. Conclusion and Service of Process

Mr. Stovall's motion to amend his complaint, dkt. [32], is **granted and the clerk is directed** to docket the proposed amended complaint, dkts. [32] and [32-1], as the amended complaint.

Mr. Stovall's claims against Dr. Byrd **will proceed** as Eighth Amendment deliberate indifference claims. The **clerk is directed** to terminate Warden Vanihel, Bobbie Riggs, and Wabash Valley Correctional Facility as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendant Dr. Byrd in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on December 9, 2024, dkts. [32] and [32-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Dr. Byrd is understood to be an employee of Centurion. A copy of this Order and the process documents shall also be filed on Centurion

electronically. Centurion is ordered to provide the full name and last known address of Dr. Byrd if he does not waive service if they have such information. This information shall be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/12/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Centurion:
    Dr. Byrd, "Head Doctor," Wabash Valley Correctional Facility

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838